UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY MERCHANDISE, INC.,

                        Plaintiff,

    -v-

BROADWAY GIFTS INC., *et al.*,

                        Defendants.

No. 08 Civ. 9075 (RJS)
PRELIMINARY INJUNCTION

---

RICHARD J. SULLIVAN, District Judge:

      Plaintiff City Merchandise Inc. ("Plaintiff") brings this action against Defendants Broadway Gifts, Inc. and the Matin Corporation, d/b/a Broadway Cameras Electric ("Defendants"), alleging claims for a violation of the Copyright Act, a violation of the Lanham Act, a state statutory claim for unfair and deceptive trade practices under New York General Business Law § 349, and state common law claims for unfair competition and unjust enrichment.

      Plaintiff initially appeared before the Court on October 23, 2008, with an Order to Show Cause on a Motion for a Preliminary Injunction. The Court set a briefing schedule on Plaintiff's Motion, which directed Defendants to submit an Opposition and file a Motion to Dismiss. Defendants filed their Opposition and Motion to Dismiss on November 26, 2008. Plaintiff filed its Reply on December 19, 2008. Defendants filed their Reply brief on the Motion to Dismiss on December 31, 2008.

      The Court held a hearing on January 15, 2009 (the "hearing"), during which the Court examined samples of Plaintiff's allegedly infringed works, the so-called "NYC Skyline Collection," and samples of Defendants' allegedly infringing works, the so-called "Broadway Souvenir Line."

At the conclusion of the hearing, the Court ordered Defendants to submit additional material to aid the Court in determining whether a recall would be appropriate, and in determining the proper amount for a bond to serve as security in the event the Court issued a Preliminary Injunction. In response to that Order, Defendants filed, on January 22, 2009, the "Declaration of Sean Torkian in Response to January 15, 2009 Order," with an attached exhibit. The Court has considered the Parties' paper submissions, the arguments presented by the Parties at the hearing, and its examination at the hearing of both Plaintiff's and Defendants' works, in issuing this Order.

## I. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

A preliminary injunction is a drastic remedy that is only available when a party can demonstrate: (1) probability of irreparable harm in the absence of injunctive relief, and (2) either a likelihood of success on the merits of the claim, or a serious question going to the merits and a balance of hardships tipping decidedly in plaintiff's favor. *See Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008); *Virgin Enters. v. Nawab*, 335 F.3d 141, 145 (2d Cir. 2003) (citing *Bristol-Myers Squibb Co. v. McNeil-PPC*, 973 F.2d 1033, 1038 (2d Cir. 1992)); *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam). In the Second Circuit, a *prima facie* case of copyright infringement generally gives rise to a presumption of irreparable harm. *See Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002). Thus, "the requirement of proof of irreparable harm can in such a case effectively be met by proof of a likelihood of success on the merits." *Id.*

To prevail on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A certificate of registration made

before or within five years of publication of a work is *prima facie* evidence of the first element. *See* 17 U.S.C. § 410(c). Because direct evidence is seldom available to prove the second element, a plaintiff may establish copying with indirect evidence. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). To support an inference that copying took place, the indirect evidence must demonstrate both that the person who composed the defendant's work had access to the copyrighted material, and that there is "substantial similarity" between the two works. *See Boisson v. Banian, Ltd.*, 273 F.3d 262, 269 (2d Cir. 2001); *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998).

In the instant case, Defendants concede, at least for purposes of these motions, that Plaintiff owns valid copyrights, and that Defendants had access to the works at issue. (*See* Defs.' Opp'n at 3.) Thus, the only issue before the Court is whether there is "substantial similarity" between the two works.

Since the works at issue contain both protectible and unprotectible elements, the Court applies the "more discerning ordinary observer test" to determine whether there is substantial similarity in this case. *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 70 (2d Cir. 1999). Under this test, a court "must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995); *see also Nihon*, 166 F.3d at 70.

In applying the "more discerning ordinary observer test," the Second Circuit has instructed that a district court should not make the inquiry "so mechanical and counterintuitive" that it requires the court to "dissect [works] into their separate components, and compare only those elements which

are in themselves copyrightable." *Knitwaves*, 71 F.3d at 1003. Instead, keeping in mind the distinction between a work's nonprotectible elements and its selection, coordination, arrangement, and expression of those elements — which are protectible — a court must look to the "total concept and feel" of the protected work and the allegedly infringing work. *Id.* (quoting *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir. 1982) (internal quotation marks omitted)); *see also Branch v. Ogilvy & Mather, Inc.*, No. 89 Civ. 2440 (LLS), 1990 WL 74540, at *8 (S.D.N.Y. May 30, 1990) (noting that the defendants "will be liable only if the artistic expression of the advertisements, as a whole, is substantially similar to the artistic expression of [the plaintiff's work], as a whole" ).

Applying this test, the Court holds that there is a significant likelihood that a jury would find Plaintiff's copyrighted works and Defendants' allegedly infringing works to be "substantially similar" under the "more discerning ordinary observer test." *Nihon*, 166 F.3d at 70. Regardless of whether the Court uses the two-dimensional images registered with the Copyright Office or the three-dimensional ceramic products as the basis for comparing Plaintiff's works to Defendants' allegedly infringing works, the Court finds it likely that a jury would conclude that the protectible elements of Plaintiff's works, specifically, their "coordination, arrangement, and expression," are substantially similar to Defendants' works in "total concept and feel." As explained in detail at the hearing, the Court finds that Plaintiff's works and Defendants' allegedly infringing works share many distinctive features. They both possess the same non-geometrical whimsical style of drawing, similar scales, similar methods of arrangement, and similar color schemes. In other words, the Court finds that Defendants' allegedly infringing works share a substantially similar look, feel, and overall aesthetic appeal with Plaintiff's copyrighted works.

The Court thus concludes that Plaintiff is likely to prove at trial that the two designs are substantially similar, and that, accordingly, Plaintiff is likely to succeed on the merits of its copyright claim. Further, the Court finds that Defendants have offered no evidence to rebut the presumption of irreparable harm that arises in situations in which a plaintiff makes out a *prima facie* case of copyright infringement. *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994). So finding, the Court holds that Plaintiff has met its burden in demonstrating the need for a preliminary injunction.

However, the Court declines to issue a recall as part of the preliminary injunction. In determining whether a recall is appropriate, "[a] district court must consider the likely burden and expense of a recall to the defendant, and balance that burden against the benefit that would accrue to the plaintiff." *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 3841 (RWS), 1997 WL 639037, at *8 (S.D.N.Y. Oct. 14, 1997) (citing *Perfect Fit Indus., Inc. v. Acme Quilting Co. Inc.*, 646 F.2d 800, 807 (2d Cir. 1981)). Based on the information submitted by the Parties, the Court finds that there is insufficient evidence for it to conclude that the burden and expense of a recall to Defendants is outweighed by the benefit that would accrue to Plaintiff. Accordingly, the Court holds that Plaintiff has failed to demonstrate the need for a recall.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants' motion to dismiss focuses primarily on Plaintiff's claim for copyright infringement. As the Court has rejected Defendants' argument that substantial similarity does not exist as a matter of law, the Court hereby denies Defendants' motion to dismiss. If Defendants wish to renew their motion to dismiss on Plaintiff's other (non-copyright) claims, they are instructed to submit a joint briefing schedule for that motion no later than February 16, 2009. If Defendants

instead seek to proceed to discovery and trial, Defendants should file an Answer forthwith, and no later than February 16, 2009.

**FOR THE FOREGOING REASONS, THE COURT HEREBY ORDERS:**

1. Pursuant to Federal Rule of Civil Procedure 65(a), Defendants, and any other person acting in concert therewith, including, but not limited to, their respective employees, agents, and affiliates, are hereby enjoined and restrained from manufacturing, advertising, offering for sale, or selling Defendants' line of ceramic products, the "Broadway Souvenir Line";[1]

2. Defendants are also enjoined from effecting assignments, issuing licenses, forming new entities or associations, or utilizing any other devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraph (1);

3. Defendants are also enjoined from secreting, destroying, altering, removing, or otherwise dealing with or affecting any merchandise referred to in paragraph (1);

4. Defendants are also enjoined from aiding, abetting, encouraging, or inducing any other parties, including customers of Defendants, to do any of the foregoing acts;

5. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff must post a bond in the amount of $10,000 with the Clerk of the Court no later than February 9, 2009. Based on the Parties' submissions, the Court finds that this bond is adequate to serve as security for the payment of such costs and damages as may be incurred or suffered by any party who may later be

---

[1] This scope of this injunction encompasses, but is not limited to, Defendants' ceramic line of souvenir products, the "Broadway Souvenir Line," that was before the Court at the January 15, 2009 hearing, which includes, *inter alia*, "day" and "night" variations of (1) a "piggy" bank; (2) an ashtray; (3) a plate; (4) a spoon holder; and (5) cups of various sizes.

found to have been wrongfully enjoined or restrained. Failure to post the required bond by February 9, 2009 will terminate the preliminary injunction; and

6. This Order is effective immediately, and shall remain in full force and effect until this Court specifically orders otherwise.

The Clerk of the Court is respectfully directed to terminate the motion located at docket number five.

SO ORDERED.

Dated: January 27, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE